USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSARIO JIMENEZ DE CABRERA,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

16 Civ. 4311 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Rosario Jimenez de Cabrera, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Cabrera's claim for disability insurance benefits ("DIB"). The parties cross-move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. On July 25, 2017, the Honorable James L. Cott, U.S. Magistrate Judge, issued a Report and Recommendation (the "R & R") recommending that Cabrera's motion be granted to the extent it seeks remand for a new hearing, the Commissioner's cross-motion be denied, and the case be remanded to the Social Security Administration (the "SSA") for further proceedings. R & R, ECF No. 14. On August 8, 2017, the Commissioner filed objections to the R & R. Comm'r Obj., ECF No. 15. On August 22, 2017, Cabrera filed a response to the Commissioner's objections. Resp., ECF No. 16. On due consideration, after review of the record, the thorough and well-reasoned R & R is ADOPTED.

## BACKGROUND[1]

Cabrera filed an application for DIB on February 15, 2013, alleging disability as of February 3, 2013. Administrative R. ("R.") 89-90, ECF No. 9. A video hearing was held before

---

[1] The Court presumes familiarity with the facts as detailed in the R & R, see R & R 2-12, and does not summarize them in full here.

an administrative law judge ("ALJ") on July 24, 2014. *Id.* at 57. On October 20, 2014, the ALJ issued a decision and found that Cabrera was not disabled. *Id.* at 40-52. The ALJ found that she had several severe impairments, including a herniated lumbar disc, cervical radiculopathy, migraine headaches, hypothyroidism, depressive disorder, and anxiety disorder. *Id.* at 42. He also found that she has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c). *Id.* at 44. In coming to this conclusion, the ALJ considered, *inter alia*, Cabrera's alleged symptoms; the opinion evidence of Cabrera's treating physician, Mariya Tsinis, M.D., and treating psychiatrist, Peter Ruiz, M.D.; and the opinion evidence of consultative examiner, Ted Woods, M.D., and consultative psychologist, Michael Kushner, Ph.D. *Id.* at 45-52. The ALJ's decision became the Commissioner's final decision on January 12, 2016 when the SSA Appeals Council denied Cabrera's request for review. *Id.* at 8. Cabrera sought judicial review in this Court on June 9, 2016. ECF No. 1.

## DISCUSSION

I.   <u>Standard of Review</u>

In reviewing final decisions of the SSA, courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R for clear error. *Rivera v. Colvin*, No. 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). The Court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 4619858, at *1 (S.D.N.Y. Oct. 16, 2008)).

II. Discussion

The R & R recommends that Cabrera's motion for judgment on the pleadings be granted, the Commissioner's cross-motion be denied, and the case be remanded to the SSA for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g). R & R 37. The Commissioner objects to Judge Cott's determinations that (1) the ALJ failed to consider the relevant regulatory factors before attributing less than controlling weight to the medical opinions of treating physician Dr. Tsinis and treating psychiatrist Dr. Ruiz; and (2) the reasoning the ALJ employed when weighing the medical opinions was insufficient to justify granting a treating physician's opinion less than controlling weight. Comm'r Obj. 5-13; *see* R & R 26-37.

3

### a. Treating Physician Rule

A treating physician's opinion is given controlling weight if the opinion on the nature and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "The opinion of a treating physician is accorded extra weight because the continuity of treatment he provides and the doctor/patient relationship he develops place him in a unique position to make a complete and accurate diagnosis of his patient." *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (summ. order) (quoting *Monguer v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983)). "Nevertheless, '[a] treating physician's statement that the claimant is disabled cannot itself be determinative.'" *Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summ. order) (alteration in original) (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527). "Among those factors are: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Id.* (citing 20 C.F.R. § 404.1527).

The ALJ must set forth the reasons for the weight assigned to the treating physician's opinion. *See id.* The Second Circuit has said that courts should not "hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s

4

opinion." *Id.* at 33.

    b.  The ALJ's Consideration of the Factors in 20 C.F.R. § 404.1527

The Commissioner contends that the ALJ sufficiently considered the regulatory factors, arguing in particular that the ALJ was clearly aware of Cabrera's relationship with her treating doctors; that although "the ALJ's decision does not specifically discuss Dr. Tsinis's specialization, . . . there is no legal requirement that every factor be recounted explicitly"; and that the ALJ acknowledged Dr. Ruiz was a psychiatrist. Comm'r Obj. 6. Although it is true that the Second Circuit does not require "slavish recitation of each and every factor," the ALJ's "reasoning and adherence to the regulation" still must be clear from his opinion. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summ. order); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (finding that an ALJ's treating physician analysis was flawed when the ALJ "failed to consider all of the factors cited in the regulations"); *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 506 (S.D.N.Y. 2014) ("Failure to properly apply the treating physician's rule, or consider the required factors, constitutes legal error and is a sufficient basis for remand."); *Lazo-Espinoza v. Astrue*, No. 10 Civ. 2089, 2012 WL 1031417, at *12 (E.D.N.Y. Mar. 27, 2012) ("Here, despite the ALJ's brief consideration of some of the applicable . . . factors, he did not fulfill his duty to consider all of the factors before according 'little weight' to the Treating Physicians' opinions.").

The Court agrees with Judge Cott that the ALJ's evaluation of Dr. Tsinis' and Dr. Ruiz's medical opinions did not adhere to the requirements of 20 C.F.R. § 404.1527. First, the ALJ's discussion of Dr. Tsinis' and Dr. Ruiz's opinion evidence does not consider the frequency of examination and the length, nature, and extent of the treatment relationships. Second, the ALJ did not discuss Dr. Tsinis' specialization. Third, although the ALJ mentioned that Dr. Ruiz was

5

a psychiatrist, he "did not 'explicitly consider' 'whether the [treating] physician is a specialist' '[i]n order to override the opinion of [that] treating physician.'" *Rolon*, 994 F. Supp. 2d at 508 (alterations in original) (quoting *Selian*, 708 F.3d at 419); *see also Santiago v. Barnhart*, 441 F. Supp. 2d 620, 629 (S.D.N.Y. 2006) ("The Treating Physician Rule . . . is even more relevant in the context of mental disabilities, which by their nature are best diagnosed over time."). These gaps in analysis constituted legal error. The Commissioner's objection is overruled, and the R & R is adopted on this point.

  c. The ALJ's Reasons for Discounting Dr. Tsinis' Opinion

Judge Cott concluded that the ALJ accorded less than controlling weight to the opinions of Dr. Tsinis without "good reasons" because the ALJ (1) failed to accurately describe the differences between Dr. Tsinis' February 2013 and April 2013 opinions, or did not seek clarification from Dr. Tsinis about any inconsistency; (2) conclusorily found Cabrera's disabilities to be inconsistent with her daily activities; and (3) impermissibly substituted his own assessment of the medical evidence for that of the treating physician when questioning Dr. Tsinis' July 2014 opinion. R & R 30-36.

With respect to the first reason, it is not clear that Dr. Tsinis' February and April 2013 opinions were in fact inconsistent. If they were consistent, the ALJ's explanation for affording only some weight to Dr. Tsinis' April opinion—that it was "not consistent with her own opinion just two months prior," R. 50—would not have constituted a "good reason." *Halloran*, 362 F.3d at 33. Even if they were inconsistent, however, remand is necessary. Although the Commissioner is correct that the "mere fact that medical evidence is conflicting or internally consistent does not mean that an ALJ is required to re-contact a treating physician," *Micheli*, 501 F. App'x at 29, that is only the case if the medical record makes re-contacting unnecessary, *see*

6

*id.* (noting that "it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record *where the record provides sufficient evidence for such a resolution*" (emphasis added)); *see also Harsh v. Colvin*, No. 13 Civ. 42, 2014 WL 4199234, at *4 (N.D.N.Y. Aug. 22, 2014); *Norman v. Astrue*, 912 F. Supp. 2d 33, 84 (S.D.N.Y. 2012), *report and recommendation adopted by id.* Here, the ALJ did not resolve any conflict between Dr. Tsinis' opinions on Cabrera's ability to lift and carry or push and pull by referring to the record as a whole (he references the record only when addressing Dr. Tsinis' opinion of Cabrera's psychiatric impairments), and it is not clear that he could have. Nor can the Court say that such an internal inconsistency would be minor or irrelevant to the ALJ's determination of whether Cabrera was disabled such that re-contacting Dr. Tsinis would have been unnecessary. *See Rolon*, 994 F. Supp. 2d at 505. And "[e]ven under the current amended regulations, which give an ALJ more discretion to 'determine the best way to resolve the inconsistency or insufficiency' based on the facts of the case, the first option is still to recontact the treating physician." *Id.* (quoting 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1)). Accordingly, the Court agrees with Judge Cott that remand on this ground is necessary; the Commissioner's objection is overruled.

The Commissioner next objects to Judge Cott's determination that the ALJ improperly substituted his own assessment for that of a treating physician when the ALJ stated in a conclusory manner that Cabrera's claimed disabilities were inconsistent with her daily activities without considering the rigor of those activities. According to the ALJ, Dr. Tsinis' April 2013 opinion "is not consistent with the claimant's own reported retained capacity to perform activities of daily living despite her severe physical impairments." R. 50. Courts have found statements of this sort to be too conclusory to constitute "good reasons" for not assigning a treating doctor's opinion controlling weight. *See, e.g., Miller v. Comm'r of Soc. Sec.*, No. 13

7

Civ. 6233, 2015 WL 337488, at *22 (S.D.N.Y. Jan. 26, 2015) (finding that the ALJ's statement that a treating physician's opinion was "inconsistent with the extensive activities of daily living that the claimant was able to perform" was "conclusory" because it did "not identify which activities are being referenced"); *Garner v. Colvin*, No. 13 Civ. 4358, 2014 WL 2936018, at *9 (S.D.N.Y. June 27, 2014) (finding that the ALJ's statement that a treating physician's opinion deserved little or no weight because it was "inconsistent with claimant's activities of daily living, her testimony at the hearing, and the rest of the substantial evidence of record" was conclusory). The ALJ had an obligation to better explain his decision to discount Dr. Tsinis' opinion based on Cabrera's alleged ability to perform daily activities, and to at least acknowledge the rigor of Cabrera's daily activities and the limitations she placed on those tasks. *See, e.g., Archambault v. Astrue*, No. 09 Civ. 6363, 2010 WL 5829378, at *30 (S.D.N.Y. Dec. 13, 2010), *report and recommendation adopted by* 2011 WL 649665 (S.D.N.Y. Feb. 17, 2011); *Rodriguez v. Astrue*, No. 07 Civ. 534, 2009 WL 637154, at *31 (S.D.N.Y. Mar. 9, 2009), *report and recommendation adopted by id.* Where, as here, the ALJ's decision is unfavorable to the claimant, "[t]he requirement of reason-giving" is especially important. *Snell*, 177 F.3d at 134. And as the R & R correctly points out, the cases cited by the Commissioner are inapposite because they do not stand for the proposition that an ALJ can refer to a claimant's daily activities in a conclusory fashion. *See Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (summ. order) ("Moreover, since the ALJ comprehensively explained the reasons for discounting [the treating physician's] medical source statement, he complied with the dictates of the treating physician rule."); *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (noting that the ALJ cited to specific evidence in the record to determine that claimant's subjective complaints of pain were insufficient to establish disability). Accordingly, the Court overrules the Commissioner's

8

objection on this ground.

Finally, the Commissioner objects to Judge Cott's conclusion that the ALJ failed to provide "good reasons" for affording "little weight" to Dr. Tsinis' July 2014 opinion—which did not recommend a change in treatment, "including injections or surgery," R. 51—because the ALJ did not point to any evidence in the record to suggest Dr. Tsinis' recommendation was improper. The opinion of a treating physician is not "to be discounted merely because he has recommended a conservative treatment regimen." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). In addition, "a physician's decision not to recommend surgery is not substantial evidence that a claimant is not disabled." *Nusraty v. Colvin*, 213 F. Supp. 3d 425, 439 (E.D.N.Y. 2016). Here, the ALJ's determination that the conservative treatment supported his decision to accord a treating physician's determination little weight was not "accompanied by other substantial evidence in the record" that Dr. Tsinis' proposed treatment was inconsistent with Cabrera's alleged disabilities. *Burgess*, 537 F.3d at 129. The Commissioner points to other evidence in the record that she alleges supports the ALJ's position, but the Court is "[c]onstrained to consider only the ALJ's own stated reasons for giving [the treating physician's] opinion [little] weight, not the Commissioner's later explanations," and the Court finds the ALJ's explanations fall short of the "good reasons" required. *Rolon*, 994 F. Supp. 2d at 508; *see also Snell*, 177 F.3d at 134. Accordingly, the Commissioner's objection on this ground is overruled.

    d. The ALJ's Reasons for Discounting Dr. Ruiz's Opinion

The Commissioner also objects to the fact that the R & R takes issue with the ALJ's treatment of Dr. Ruiz's opinion. The Court already has found that the ALJ failed to consider the relevant factors in 20 C.F.R. § 404.1527 when determining how much weight to give Dr. Ruiz's opinion. And for the reasons already delineated, the Court does not agree that the R & R's

criticisms of the ALJ are irreconcilable with the substantial evidence standard of review. Instead, the Court agrees with Judge Cott that the ALJ must reevaluate the weight he assigned to Dr. Ruiz's opinion to the extent he made errors similar to those made in weighing Dr. Tsinis' opinion, and that on remand he should consider the new evidence Cabrera submitted to the Appeals Council. Accordingly, the Commissioner's objection on this ground (which the Court also notes was quite general) is overruled.

The Court has reviewed the rest of the R & R and found no clear error. *See Oquendo*, 2014 WL 4160222, at *2.

## CONCLUSION

For the reasons set forth above, the R & R is ADOPTED in its entirety, Cabrera's motion for judgment on the pleadings is GRANTED to the extent it seeks remand for a new hearing, and Defendant's motion is DENIED. The case is remanded to the SSA for further development of the administrative record. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 10 and 12 and to close the case.

SO ORDERED.

Date: August 25, 2017
New York, New York

_____
ANALISA TORRES
United States District Judge